IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHANIE LAMARR,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE MICHAEL MCMAHON,<br><br>Defendant. | Cause No. CV 26-106-BU-SPW<br><br>ORDER |

Plaintiff Stephanie Lamarr has filed a 42 U.S.C. § 1983 Complaint and a motion to proceed in forma pauperis. (Docs. 1 and 2.) The motion is granted. The Complaint fails to state a claim upon which relief can be granted and is dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

LaMarr has moved to proceed in forma pauperis. She declares that she has insufficient financial resources to pay the filing fee or costs in this matter. (Doc. 1.) LaMarr's motion is granted.

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff Stephanie LaMarr names Judge Michael McMahon as the sole defendant. (Doc. 2 at 1.)

### B. Allegations

LaMarr alleges that Defendant McMahon "used his judicial position to punish" her for filing various Americans with Disabilities requests, civil and probate filings, and misconduct complaints. (Doc. 2 at 1.) LaMarr alleges that Judge McMahon relied and acted upon false statements related to criminal charges against her. (Doc. 2 at 2.) LaMarr concludes by alleging, without detail, that this conduct "was taken outside any judicial proceeding involving Plaintiff, outside the scope of judicial authority, and in the clear absence of jurisdiction." (Doc. 2 at 2.)

LaMarr asserts seven claims: Count I First Amendment retaliation; Count II ADA Title II retaliation and interference; Count III Fourteenth Amendment Due Process, denial of access to the courts; Count IV Fourteenth Amendment Privacy Violation; Count V Stigma-Plus Defamation; Count VI Abuse of Process; and Count VII Civil Conspiracy.

LaMarr requests injunctive relief and various forms of monetary damages. (Doc. 2 at 8.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915

LaMarr is proceeding in forma pauperis so the Court must review her Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**A. Judge McMahon has absolute judicial immunity**

Judges are immune from suit under § 1983 for actions taken within the scope

of their employment. LaMarr cannot state claims against Judge McMahon under 42 U.S.C. § 1983 “because [a] judge is absolutely immune for judicial acts.” *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). LaMarr attempts to allege Defendant’s conduct occurred outside the scope of his judicial acts, but aside from her conclusory allegation, she does not plausibly allege any facts to support the assertion. Ruling on LaMarr’s case, considering affidavits and evidence filed against her, and drafting orders in his cases are at the heart of a judge’s duties. LaMarr’s other allegations are too vague, conclusory, and devoid of specificity. LaMarr has failed to state a claim that would avoid Judge McMahon’s immunity.

**B. The Court must abstain under *Younger***

Even if LaMarr could state a claim against Defendant McMahon, this Court would have to abstain from hearing it. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on*

*other grounds*, *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). In this case, LaMarr is subject to a current criminal prosecution in state court. The Court must abstain from hearing LaMarr's claims.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, LaMarr's allegations all stem from the ongoing criminal proceedings against her. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, LaMarr will have an adequate opportunity in the state district court to raise any issues she has regarding her federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the "even more vital consideration" of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023). LaMarr has opportunities within her ongoing criminal proceedings in Montana courts to address any alleged violations of her federal rights, including her allegations that the criminal prosecutions are illegal retaliation for First Amendment activities, and her ADA complaints.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding LaMarr's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. If this Court concluded, for example, that there were flaws in the prosecution of LaMarr, that would interfere with the Montana court's ability to resolve those

issues in her prosecution.

When all four prongs of the *Younger* test are satisfied, as here, then the Court must abstain from adjudicating LaMarr's claims.

## III. CONCLUSION

LaMarr fails to state a claim against Judge McMahon because he is absolutely immune. Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that amendment would be futile. In addition, the Court must abstain pursuant to *Younger*. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. LaMarr's motion to proceed in forma pauperis is GRANTED. (Doc. 1.)

2. LaMarr's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal

Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of October, 2026.

Susan P. Watters

Susan P. Watters, District Judge
United States District Court